IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| v. | : : : | JURY TRIAL DEMANDED |
| QSI BUSINESS SOLUTIONS, LLC, | : : | |
| Defendant. | : : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Kayla Medeiros ("Medeiros"), who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, QSI Business Solutions, LLC ("Defendant"), subjected Medeiros to discrimination in violation of Title VII when it failed to hire her because she was pregnant.

1

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Rome Division.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2

Case 4:15-mi-99999-UNA Document 106 Filed 09/15/15 Page 3 of 10

4.

At all relevant times, Defendant has continuously been a limited liability company doing business in the State of Georgia and the city of Dalton, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer and an employment agency engaged in an industry affecting commerce within the meaning of Sections 701(b), (c), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g) and (h).

## STATEMENT OF CLAIMS

6.

More than thirty days prior to the institution of this lawsuit, Medeiros filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.

On July 29, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of

conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.

On August 14, 2015, Defendant advised the Commission that it was not interested in engaging in the conciliation process regarding the reasonable cause finding.

9.

On August 25, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.

All conditions precedent to the initiation of this lawsuit have been fulfilled.

11.

Defendant is a staffing and temporary employment placement service located in Dalton, Georgia, that, *inter alia*, regularly procures employees for employers and, therefore, is an "employment agency" as that term is defined in Section 701(c) of Title VII, 42 U.S.C. §§ 2000e(c).

12.

Defendant has engaged in unlawful employment practices in Dalton, Georgia in violation of Sections 703(a) and (b) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (b) by discriminating against Medeiros on the basis of her pregnancy by, *inter alia*, failing to hire her and failing to place her for employment with its client.

13.

Defendant hires employees for placement with its clients, which are typically manufacturers involved in producing carpet and other flooring.

14.

Medeiros submitted an application to QSI in or around September 2014. Because she was already pregnant, she requested any vacant employment positions it had for placement that did not require heavy lifting.

15.

On December 19, 2014, Medeiros received a telephone call from Juan Bautista, a Staffing Coordinator for QSI. Bautista told Medeiros that QSI had a labeling position available for her and that she needed to come in to complete the application process. Medeiros was approximately seven months pregnant at this time.

16.

Shortly after receiving the telephone call from Bautista, Medeiros arrived at QSI's office to complete the application process. Medeiros filled out the required paperwork and met with Bautista. He started explaining the drug test process to her when he stopped suddenly and asked her if she was pregnant. She said she was. Bautista immediately withdrew the job offer and told Medeiros that because it was a warehouse job, there were safety concerns because she is pregnant and could slip and fall.

17.

Defendant refused to hire Medeiros because she was pregnant.

18.

Defendant refused to refer Medeiros to its client for a job because she was pregnant.

19.

After being rejected for the labeling position because of her pregnancy on December 19, 2014, Medeiros remained available for open positions. QSI, however, did not call Medeiros for any other openings.

20.

The effect of the practice(s) complained of in paragraphs 11 through 19 above has been to deprive Medeiros of equal employment opportunities and, otherwise, adversely affected her status as an employee because of her pregnancy.

21.

The unlawful employment practices complained of in paragraphs 11 through 19 above were intentional.

22.

The unlawful employment practices complained of in paragraphs 11 through 19 above were done with malice or with reckless indifference to the federally protected rights of Medeiros.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from refusing to hire and/or terminating employees on the basis of sex and/or pregnancy, and any other employment practice which discriminates on the basis of sex and/or pregnancy.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant applicants and employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendants to make Medeiros whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendants to make Medeiros whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-19, above, in amounts to be determined at trial.

E.  Order Defendants to make Medeiros whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-19, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to Medeiros for Defendant's malicious and/or reckless conduct described in paragraphs 11-19, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

[*Jury Trial Demand and signature page follows*]

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully submitted,

                P. DAVID LOPEZ
                General Counsel

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

<u>September 15, 2015</u>      *s/Robert K. Dawkins*
      Date              Robert K. Dawkins
                Regional Attorney
                Georgia Bar No.: 076206
                robert.dawkins@eeoc.gov

Steven A. Wagner        Ottrell F. Edwards
Senior Trial Attorney     Supervisory Trial Attorney
Georgia Bar No. 000529   Georgia Bar No. 141979
steven.wagner@eeoc.gov  ottrell.edwards@eeoc.gov

                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                Atlanta District Office
                100 Alabama St., SW, Suite 4R30
                Atlanta, Georgia 30303
                (404) 562-6818    (direct)
                (404) 562-6905    (facsimile)