# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>　　　　Plaintiff,<br>　v.<br><br>QSI BUSINESS SOLUTIONS, LLC<br><br>　　　　Defendant. | Case No.: 4:15-cv-00176-HLM-WEJ |

## ANSWER AND DEFENSES

Defendant Quality Solutions, LLC, erroneously identified as "QSI Business Solutions, LLC" ("Defendant"), pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, respond to the enumerated allegations within the complaint filed by Plaintiff Equal Employment Opportunity Commission ("Plaintiff") as follows:

## NATURE OF THE ACTION

Defendant admits that this action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended and Title I of the Civil Rights Act of 1991. Defendant denies engaging in any statutory violations and further denies Plaintiff's remaining allegations in this initial paragraph of the Complaint and avers that it is not the correct Defendant.

## JURISDICTION AND VENUE

1. Defendant admits that jurisdiction is invoked in paragraph 1 of the Complaint pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345 as well as Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1981.

2. Defendant admits that venue is proper in this Court as asserted in paragraph 2 of the Complaint. Defendant denies the allegation that Defendant engaged in any unlawful employment practices as alleged in this paragraph.

## PARTIES

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it is a foreign corporation doing business in the State of Georgia and has continuously had fifteen employees as alleged in paragraph 4 of the Complaint. Defendant denies remaining allegation contained in this paragraph.

5. Defendant admits that at all times it has been engaged in an industry affecting commerce as alleged in paragraph 5 of the Complaint. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

## STATEMENT OF CLAIMS

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff issued a reasonable cause determination as set forth in paragraph 7 of the Complaint, but avers that the determination was not factually or legally supported and further avers that Plaintiff's efforts of conciliation were not made in good faith.

8. Defendant admits that it was not interested in engaging in the conciliation process, as Plaintiff's efforts of conciliation were not made in good faith.

9. Defendant admits that Plaintiff issued a "Notice of Failure of Conciliation," as set forth in paragraph 9 of the Complaint, but avers that Plaintiff's conciliation efforts were not made in good faith.

10. Defendant is not obligated to respond to Plaintiff's legal conclusion regarding whether Plaintiff satisfied all conditions precedent to the initiation of this lawsuit. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that it procures employees for other employers as alleged in paragraph 11 of the Complaint. Defendant denies the remaining allegations contained in this paragraph.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that Ms. Medeiros submitted an application to Defendant, but denies that Ms. Medeiros submitted said application in or around September 2014. Defendant is without knowledge as to the timing of Ms. Medeiros' pregnancy and therefore denies that allegation and all remaining allegations, inferences, and legal conclusions contained in paragraph 14 of the Complaint.

15. Defendant admits that Juan Bautista, a Staffing Coordinator for Defendant, telephoned Ms. Medeiros and informed Ms. Medeiros about a potential available position. Defendant further admits that Mr. Bautista informed Ms. Medeiros that time was of the essence and she needed to come into Defendant's office without haste if she was interested in the position. Defendant is without knowledge as to the timing of Ms. Medeiros' pregnancy and therefore denies that

allegation and all remaining allegations, inferences, and legal conclusions contained in paragraph 15 of the Complaint.

16. Defendant admits that while Ms. Medeiros came into Defendant's office following Mr. Bautista's telephone call. Defendant denies all remaining allegations, inferences, and legal conclusions contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits that it had no obligation to telephone Ms. Medeiros to inform her about other openings. Defendant denies all remaining allegations, inferences, and legal conclusions contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

Any allegations not heretofore admitted, answered, denied, modified, or explained, are hereby denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief as sought in the unnumbered paragraph and subparts A-H under the Prayer for Relief.

## JURY TRIAL DEMAND

Defendant admits that Plaintiff is seeking a jury trial as asserted in the unnumbered paragraph titled Jury Trial Demand.

## DEFENSES

In asserting the following defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.  Defendant is continuing to investigate Plaintiff's allegations; therefore, Defendant reserves the right to amend its Answer and Defenses.

## FIRST DEFENSE

Plaintiff has failed to engage in good faith conciliation efforts as required by statute.

## SECOND DEFENSE

QSI Business Solutions, LLC is not the correct defendant.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with Ms. Medeiros' Charge of Discrimination.

### FIFTH DEFENSE

To the extent Ms. Medeiros has failed to timely and properly exhaust all administrative remedies, her claims must fail.  In other words, all claims in the Complaint that did not accrue within the time frame prescribed by law are barred.

### SIXTH DEFENSE

Defendant states that there were legitimate, non-discriminatory, and non-retaliatory reasons for its actions, which were not pre-textual and that it has not violated any law.  Defendant has neither taken nor ratified any action with discriminatory or retaliatory purpose or intent, but, rather, has acted in good faith, and Defendant has not authorized any action prohibited by law, has not committed any unlawful employment practice and Defendant's actions were based upon good cause, were the result of reasonable factors necessary for business functions and would have been taken regardless of any alleged violations of the law.

### SEVENTH DEFENSE

Even assuming that Defendant's actions concerning Ms. Medeiros' employment were partially influenced by some unlawful motive, though they were not, Defendant nonetheless would have taken the same employment action with respect to Ms. Medeiros even in the absence of such unlawful motive.

### EIGHTH DEFENSE

Defendant, at all times, acted in good faith and without any discriminatory motives toward Ms. Medeiros.

### NINTH DEFENSE

Ms. Medeiros' damages are barred in whole or in part by the doctrines of after-acquired evidence or unclean hands.

### TENTH DEFENSE

None of Defendant's actions were taken with malice or reckless indifference to Ms. Medeiros' civil rights.

### ELEVENTH DEFENSE

Ms. Medeiros has the duty to mitigate any alleged losses, her entitlement to recovery which Defendant expressly denies; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits regardless of form received by

Ms. Medeiros or which were earnable or receivable with the exercise of reasonable diligence by Ms. Medeiros.

## TWELFTH DEFENSE

Even if the actions and omissions Plaintiff challenges in this matter were found to be based, in part, on discriminatory, retaliatory or other unlawful grounds, which Defendant categorically denies, Defendant would have reached the same decision and taken the same actions irrespective of such motive, and Plaintiff's claims are therefore barred or subjected to limited damages.

## THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because Defendant, nor any of its agents sufficiently high in the corporate hierarchy, committed any act with malice or reckless indifference to Ms. Medeiros' protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## FOURTEENTH DEFENSE

Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing defenses.

**WHEREFORE**, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests:

    a.    Plaintiff's claims be stricken or dismissed with prejudice;

    b.    Each and every prayer for relief in Plaintiff's Complaint be denied;

    c.    Costs be awarded to Defendant;

    d.    Attorneys' fees incurred in defending against this action be awarded to Defendants, under 28 U.S.C. § 1927;

    e.    Judgment be entered in favor of Defendant; and

    f.    Defendant be granted such other and further relief as this Court deems just and appropriate.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendants certify that the foregoing has been prepared in Times New Roman font, 14-point type,

which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

This 16th day of November 2015.

```
                                        /s/ Gordon M. Berger
                                        Gordon Miles Berger
                                        Georgia Bar No. 054304
                                        gberger@fordharrison.com
                                        Loren Jennifer Beer
                                        Georgia Bar No. 889883
                                        lbeer@fordharrison.com
```

FORD HARRISON LLP                       Attorneys for Defendants
271 17th Street, NW, Suite 1900
Atlanta, Georgia 30363
404-888-3800 (telephone)
404-888-3863 (facsimile)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br><br>    Plaintiff,<br>  v.<br><br>QSI BUSINESS SOLUTIONS, LLC<br><br>    Defendant. | Case No.: 4:15-cv-00176-HLM-WEJ |

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2015, I filed a copy of the foregoing **ANSWER AND DEFENSES,** using the CM/ECF system, which will automatically send an e-mail notification of such filing to the following attorney of record:

Robert K. Dawkins
robert.dawkins@eeoc.gov
Ottrell F. Edwards
ottrell.edwards@eeoc.gov
Steven A. Wagner
steven.wagner@eeoc.gov
Equal Employment Opportunity Commission, Atlanta District Office

FORD HARRISON LLP
271 17th Street, NW, Suite 1900
Atlanta, Georgia 30363
404-888-3800 (telephone)
404-888-3863 (facsimile)

*/s/ Gordon M. Berger*
Gordon Miles Berger
Georgia Bar No. 054304
gberger@fordharrison.com

Attorney for Defendant

WSACTIVELLP:7955625.1

- 12 -