IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : : : : Jury Trial Demanded |
| Plaintiff, | : : |
| v. | : CIVIL ACTION FILE NO.: : 4:15-cv-00176-HLM-WEJ |
| QUALITY SOLUTIONS, LLC, | : : |
| Defendant. | : : |

## AMENDED COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and to provide appropriate relief to Kayla Medeiros ("Medeiros"), who was adversely affected by such practices. Plaintiff, Equal Employment Opportunity Commission ("EEOC"), alleges that Defendant, Quality Solutions, LLC ("Defendant"), subjected Medeiros to discrimination in violation of Title VII when it failed to hire her because she was pregnant.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Rome Division.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant has continuously been a limited liability company doing business in the State of Georgia and the city of Dalton, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer and an employment agency engaged in an industry affecting commerce within the meaning of Sections 701(b), (c), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g) and (h).

**STATEMENT OF CLAIMS**

6.

More than thirty days prior to the institution of this lawsuit, Medeiros filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.

On July 29, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.

On August 14, 2015, Defendant advised the Commission that it was not interested in engaging in the conciliation process regarding the reasonable cause finding.

9.

On August 25, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.

All conditions precedent to the initiation of this lawsuit have been fulfilled.

11.

Defendant is a staffing and temporary employment placement service located in Dalton, Georgia, that, *inter alia*, regularly procures employees for employers and, therefore, is an "employment agency" as that term is defined in Section 701(c) of Title VII, 42 U.S.C. §§ 2000e(c).

12.

Defendant has engaged in unlawful employment practices in Dalton, Georgia in violation of Sections 703(a) and (b) of Title VII, 42 U.S.C. §§ 2000e-2(a) and (b) by discriminating against Medeiros on the basis of her pregnancy by, *inter alia*, failing to hire her and failing to place her for employment with its client.

13.

Defendant hires employees for placement with its clients, which are typically manufacturers involved in producing carpet and other flooring.

14.

Medeiros submitted an application to Defendant in or around September 2014. Because she was already pregnant, she requested any vacant employment positions it had for placement that did not require heavy lifting.

15.

On December 19, 2014, Medeiros received a telephone call from Juan Bautista, a Staffing Coordinator for Defendant. Bautista told Medeiros that Defendant had a labeling position available for her and that she needed to come in to complete the application process. Medeiros was approximately seven months pregnant at this time.

16.

Shortly after receiving the telephone call from Bautista, Medeiros arrived at Defendant's office to complete the application process. Medeiros filled out the required paperwork and met with Bautista. He started explaining the drug test process to her when he stopped suddenly and asked her if she was pregnant. She said she was. Bautista immediately withdrew the job offer because he told

Medeiros that it was a warehouse job and there were safety concerns because she is pregnant and could easily slip and fall.

17.

Defendant refused to hire Medeiros because she was pregnant.

18.

Defendant refused to refer Medeiros to its client for a job because she was pregnant.

19.

After being rejected for the labeling position because of her pregnancy on December 19, 2014, Medeiros remained available for open positions. Defendant, however, did not call Medeiros for any other openings.

20.

The effect of the practice(s) complained of in paragraphs 11 through 19 above has been to deprive Medeiros of equal employment opportunities and, otherwise, adversely affected her status as an employee because she was pregnant.

21.

The unlawful employment practices complained of in paragraphs 11 through 19 above were intentional.

22.

The unlawful employment practices complained of in paragraphs 11 through 19 above were done with malice or with reckless indifference to the federally protected rights of Medeiros.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from engaging in retaliation against its employees, and engaging in any other employment practice that retaliates against employees who engage in protected activity.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendants to make Medeiros whole by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make Medeiros whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-19, above, in amounts to be determined at trial.

E. Order Defendants to make Medeiros whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-19, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to Medeiros for Defendant's malicious and/or reckless conduct described in paragraphs 11-19, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted, this 14th day of December, 2015.

                                  *s/Steven A. Wagner*
                                  Steven A. Wagner
                                  Georgia Bar No. 000529
                                  steven.wagner@eeoc.gov

                                  EQUAL EMPLOYMENT OPPORTUNITY
                                  COMMISSION- Atlanta District Office
                                  100 Alabama St., SW, Suite 4R30
                                  Atlanta, Georgia 30303
                                  Telephone:  (404) 562-6897
                                  Facsimile:   (404) 562-6905